UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
IN RE                                   :    MDL No. 1409
                                        :    M 21-95
CURRENCY CONVERSION FEE                 :
ANTITRUST LITIGATION                    :    MEMORANDUM & ORDER
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THIS DOCUMENT RELATES TO:               :
                                        :
ALL CASES                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/2010

WILLIAM H. PAULEY III, District Judge:

        This multi-district litigation concerns a price-fixing conspiracy related to foreign currency conversion fees by VISA, MasterCard, and their member banks. This Court granted final approval to the Settlement between the Class and the Defendants on October 22, 2009. See In re Currency Conversion Fee Antitrust Litig., 263 F.R.D. 110 (S.D.N.Y. 2009) ("CCF VIII"). Twelve separate appeals from this Court's final judgment were filed. Class Counsel now move pursuant to Fed. R. App. P. 7 to require the following appellants to post appeal bonds: (1) Bernd Bilstein; (2) Gary Joseph Bonas II; (3) Thomas Carder, Judy Sargeant, and Dylan L. and Gloria Whisenhunt; (4) Herbert A. Berger; (5) Rene Salazar; (6) David and Marion Murray, and Joel Shapiro; (7) Patricia Tomlinson, Daniel Ernsberger, Rebecca Brainard, Donna and Keith Lonzo, Kathleen and William McWhorter, Michael J. Rinis, and Jesse Bishop; (8) Lawrence E. Schneider, Anne Cochran, Rosalie Borgardts, Leonard Nelson, Milton J. Fontenot, and Ernest J. Browne; and (9) Edward M. and Jane B. Selfe.[1] For the following reasons, Class Counsel's motion is granted.

---

[1] Class Counsel also sought an appeal bond against appellant Gilbert Schrank, but on January 5, 2010, Schrank withdrew his appeal. Class Counsel do not seek an appeal bond against 2 other appellants: Priceline.com, Inc. and Selwyn S. Berg.

BACKGROUND

The complex factual and procedural background underlying these actions is set forth in this Court's prior opinions, familiarity with which is presumed. See CCF VIII, 263 F.R.D. 110; In re Currency Conversion Fee Antitrust Litig., No. M 21-95, 2006 WL 3247396 (S.D.N.Y. Nov. 8, 2006); In re Currency Conversion Fee Antitrust Litig., No. M 21-95, 2005 WL 3304605 (S.D.N.Y. Dec. 7, 2005); In re Currency Conversion Fee Antitrust Litig., No. M 21-95, 2005 WL 1871012 (S.D.N.Y. Aug. 9, 2005); In re Currency Conversion Fee Antitrust Litig., 229 F.R.D. 57 (S.D.N.Y. 2005); In re Currency Conversion Fee Antitrust Litig., 361 F. Supp. 2d 237 (S.D.N.Y. 2005); In re Currency Conversion Fee Antitrust Litig., 224 F.R.D. 555 (S.D.N.Y. 2004); In re Currency Conversion Fee Antitrust Litig., 265 F. Supp. 2d 385 (S.D.N.Y. 2003).

DISCUSSION

I. Appropriateness of a Bond

A. Legal Standard

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The purpose of this rule is to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal. See Adsani v. Miller, 139 F.3d 67, 70 (2d Cir. 1998). In determining whether a bond is appropriate, courts consider the following factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." Baker v.

Urban Outfitters, Inc., No. 01 Civ. 5440 (LAP), 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006).

B. Factors

First, none of the appellants presented any evidence demonstrating an inability to post an appeal bond. Accordingly, this Court concludes that appellants concede this issue. See In re AOL Time Warner, Inc., Sec. & ERISA Litig., No. 02 Civ. 5575 (SWK), 2007 WL 2741033, at *2 (S.D.N.Y. Sept. 20, 2007) (reaching the same conclusion on similar facts); Baker, 2006 WL 3635392, at *1 (same).

Second, the appellants are dispersed around the country, and Class Counsel would need to institute numerous collection actions to recover their costs. While several of them claim there is no basis to find any risk of non-payment, none of them have come forward to guarantee payment of the costs that might be assessed against them. Accordingly, this Court finds that there is a significant risk of non-payment.

Third, as to the merits of the appeals, appellants' arguments are merely restatements of the issues addressed by the final approval order. Appellants point to no authorities or facts that this Court overlooked. Instead, they argue that the approval was erroneous and that the attorney's fees are excessive. However, those decisions are reviewed deferentially. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001); Goldberger v. Integrated Res. Inc., 209 F.3d 43, 47-48 (2d Cir. 2000). In addition, one appellant, Herbert Berger, argues that this Court overlooked his request for objectors' attorney's fees. However, this Court considered all of the objector's requests for fees, including his, and found none of them to be meritorious.

While there is little evidence of bad faith or vexatious conduct, this Court is troubled by the refusal of some appellants to consent to consolidation of their appeals. But that

3

question is more appropriately addressed by the Court of Appeals. Accordingly, this factor is neutral.

Weighing all the factors, this Court concludes that a bond is warranted.

II. Amount

"'Costs' under [Fed. R. App. P.] 7 may include the definition of 'costs' contained in the relevant substantive statute under which appeal is sought and are not limited by the enumeration of some 'costs' found in [Fed. R. App. P.] 39." Adsani, 139 F.3d at 75 n.9.

Class Counsel seek a bond including the costs of the appeal (photocopying, printing and binding), attorney's fees, and the cost to the settlement fund from any delay. None of the parties dispute that the appeal costs sought by Class Counsel could be included (although some question the amount). Instead, the appellants contend that attorney's fees and costs are not appropriately included.

"Costs" may include attorney's fees in this Circuit only if they would be treated as recoverable costs under an applicable fee-shifting statute. Adsani, 139 F.3d at 71. Some courts have also allowed a Rule 7 bond to include attorney's fees where the district court concludes that the court of appeals might award attorney's fees as costs under Fed. R. App. P. 38 because the appeal is frivolous. Sckolnick v. Harlow, 820 F.3d 13, 15 (1st Cir. 1987).

Section 4 of the Clayton Act, 15 U.S.C. § 15(a), provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws. . . shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee." However, unlike the Copyright Act, Section 4 of the Clayton Act is asymmetrical—i.e., attorney's fees are "available only to plaintiffs who prove an antitrust injury" not just to a prevailing party. Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 959 (9th

4

Cir. 2007) (quoting Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 418 (3d Cir. 1993)); see also Aetna Cas. & Sur. Co. v. Liebowitz, 730 F.2d 905, 908 (2d Cir. 1984) (noting Section 4 has been interpreted as "not . . . permit[ing] plaintiffs to recover attorneys' fees unless treble damages are awarded, regardless of whether injunctive relief is granted"). Accordingly, attorney's fees would not be available to the Plaintiffs under Section 4 of the Clayton Act on this appeal.

As for an award of attorney's fees under Rule 38, the Court of Appeals may "award just damages and single or double costs to the appellee" upon a finding that an appeal is "frivolous." Fed. R. App. P. 38. "Sanctions may be imposed when one party proceeds with an argument 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" In re Drexel Burnham Lambert Group, Inc., 995 F.2d 1138, 1147 (2d Cir. 1993) (quoting United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381-82 (2d Cir. 1982)). While this Court believes that objectors' arguments are of little merit, the imposition of sanctions is a question for the Court of Appeals to determine. See, e.g., Vaughn v. Am. Honda Motor Co., 507 F.3d 295, 299 (5th Cir. 2007). Accordingly, Fed. R. App. P. 38 is not a basis for the inclusion of attorney's fees in the bond in this case.

Finally, Class Counsel's contention that this bond should include the costs to the settlement fund fails. This court agrees with Judge Kram's conclusion that Fed. R. App. P. 7 does not allow such costs. See AOL Time Warner, 2007 WL 2741033, at *4 & n.4.

Given the voluminous record and the number of appellants, this Court concludes that costs in the amount of $16,000 is too low. Multiple copies will be required because several appellants refuse to consent to consolidation of their appeals. Accordingly, this Court orders the nine appellants of an appeal bond of $50,000 to cover the taxable costs of the appeals.

## CONCLUSION

For the foregoing reasons, Class Counsel's request for an appeal bond is granted. An appeal bond of $50,000 is ordered. The following appellants jointly and severally responsible for posting this bond: (1) Bernd Bilstein; (2) Gary Joseph Bonas II; (3) Thomas Carder, Judy Sargeant, and Dylan L. and Gloria Whisenhunt; (4) Herbert A. Berger; (5) Rene Salazar; (6) David and Marion Murray, and Joel Shapiro; (7) Patricia Tomlinson, Daniel Ernsberger, Rebecca Brainard, Donna and Keith Lonzo, Kathleen and William McWhorter, Michael J. Rinis, and Jesse Bishop; (8) Lawrence E. Schneider, Anne Cochran, Rosalie Borgardts, Leonard Nelson, Milton J. Fontenot, and Ernest J. Browne; and (9) Edward M. and Jane B. Selfe.

Dated: March 5, 2010
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Merrill G. Davidoff, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Co-Counsel for Plaintiffs*

Bonny E. Sweeny, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101
*Co-Counsel for Plaintiffs*

Dennis Stewart, Esq.
Hulett Harper Stewart
550 West C Street, Suite 1700
San Diego, CA 92101
*Co-Counsel for Plaintiffs*

David F. Graham, Esq.
Sidley Austin LLP
10 South Dearborn Street
Chicago, IL 60603
*Attorneys for Defendants Citigroup, Inc., Citibank (South Dakota), N.A., Universal Bank, N.A., Universal Financial Corp., and Citicorp Diners Club, Inc.*

Christopher R. Lipsett, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
520 Madison Avenue
New York, NY 10022
*Attorneys for Defendants MBNA Corporation and MBNA America Bank, N.A.*

Jay N. Fastow, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Defendant MasterCard International, Inc.*

Fiona A. Schaeffer, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendant MasterCard International Inc.*

Brian P. Brosnahan, Esq.
Kasowitz, Benson, Torres & Friedman LLP
101 California Street
Suite 2050
San Francisco, CA 94111
*Attorneys for Defendants Visa U.S.A., Inc. and Visa International Service Association*

Robert D. Wick, Esq.
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004

Peter E. Greene, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
*Attorneys for Defendants J.P. Morgan Chase & Co., Chase Manhattan Bank, USA, N.A., and The Chase Manhattan Bank Attorneys for Defendants Bank One Corp. and Bank One, Delaware, N.A.*

Mark P. Ladner, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
*Attorneys for Defendants Bank of America Corp. and Bank of America N.A. (USA)*

George A. Cumming, Jr., Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
*Attorneys for Defendants Household International, Inc. and Household Bank (SB), N.A.*

Alan S. Kaplinsky, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
*Attorneys for Defendants Providian Financial Corp., Providian National Bank and Providian Bank*