USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

IN RE

CURRENCY CONVERSION FEE
ANTITRUST LITIGATION

------------------------------------------------------------ x

THIS DOCUMENT RELATES TO:

ROBERT ROSS, et al.,

Plaintiffs,

-against-

BANK OF AMERICA, N.A, (USA), et al.,

Defendants.

------------------------------------------------------------ x

MDL No. 1409

M 21-95

Index No. 05 CV 7116 (WHP)

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH RESPECT TO DEFENDANTS BANK OF AMERICA, N.A. (USA) (N/K/A FIA CARD SERVICES, N.A.), BANK OF AMERICA, N.A., JPMORGAN CHASE & CO., CHASE BANK USA, N.A., CAPITAL ONE BANK (USA), N.A., CAPITAL ONE BANK, N.A., HSBC FINANCE CORPORATION, AND HSBC BANK NEVADA, N.A.**

The Court having held a fairness hearing on July 15, 2010, notice of the fairness hearing having duly been given in accordance with this Court's Order dated March 18, 2010, the Court having considered all matters submitted to it at the fairness hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and Order of Dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

- 1 -

1. The Stipulations and Agreements of Settlement, including their exhibits (the "Settlement Agreements") and the definitions of the capitalized words and terms contained therein, filed with the Court on February 24, 2010, are incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this litigation, *Ross, et al. v. Bank of America N.A., et al.*, 05-CV-07116 (WHP) (S.D.N.Y.) (the "Litigation"), and over all parties to the Litigation, including all members of the Class and the Subclass (collectively, the "Settlement Class") certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure in this Court's Order dated October 6, 2009:

> CLASS: All Persons holding during the Period in Suit a Credit Card under a United States Cardholder Agreement with any of the Bank Defendants[1] (including, among other cards, cards originally issued under the MBNA, Bank One, First USA and Providian brands), but not including members of the proposed Subclass, subject to an arbitration provision relating to their cards;[2] and
>
> SUBCLASS: All Persons holding during the Period in Suit a Credit Card under a United States Cardholder Agreement with Discover, which cardholders have not previously successfully exercised their right to opt out of the Arbitration of Disputes Provision.[3]
>
> Provided, however, that Defendants (and their corporate parents, subsidiaries and affiliates), American Express (and its corporate parents, subsidiaries and

---

[1] The "Bank Defendants" are: Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., Capital One Bank (USA), N.A., Capital One, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Citigroup, Inc., Citibank (South Dakota) N.A., Citibank USA, N.A., Universal Bank, N.A., Universal Financial Corp., Citicorp Diners Club, Inc., DFS Services LLC, Discover Financial Services, Discover Bank, HSBC Finance Corporation, and HSBC Bank, Nevada, N.A. The "Defendants" are the National Arbitration Forum and the Bank Defendants. The "Settling Defendants" are Bank of America, N.A. (USA) (n/k/a FIA Card Services, N.A.), Bank of America, N.A., JPMorgan Chase & Co., Chase Bank USA, N.A., Capital One Bank (USA), N.A., Capital One Bank, N.A., HSBC Finance Corporation, and HSBC Bank Nevada, N.A.

[2] Use of the term "Agreement" in this definition does not reflect any conclusion by the Court that there is any "Agreement" between issuers and cardholders either as a matter of fact or law.

[3] In referring to Discover's opt out provision, the Court does not conclude one way or the other that Discover's opt out provision is meaningful, effective or legally operative.

affiliates), Wells Fargo (and its corporate parents, subsidiaries and affiliates), and governmental entities are not members of the Class and Subclass.

3. The terms of this Court's October 6, 2009, order certifying the Settlement Class are incorporated by reference in this Order.

4. The Court hereby finds that the Settlement Agreements are the product of arm's length settlement negotiations between Plaintiffs and Plaintiffs' Co-Lead Counsel, and the Settling Defendants and their counsel.

5. This Court hereby finds and concludes that the Notice (attached hereto as Exhibit A) was disseminated to members of the Settlement Class in accordance with the terms set forth in the Notice Plan (attached hereto as Exhibit B) and was in compliance with this Court's Preliminary Approval Order dated March 18, 2010. The Court further finds and concludes that the Notice described in the Notice Plan and provided pursuant to the Court's Preliminary Approval Order, satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and was provided in a reasonable manner to members of the Settlement Class.

6. The Settling Defendants have timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, the Settling Defendants would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials, and finds that the Settling Defendants' notifications comply fully with any applicable requirements of CAFA.

7. On consideration of, *inter alia*, the Settling Defendants' agreements with respect to removal of their respective Arbitration Clauses and Class Action Waiver Clauses from their United States Cardholder Agreements, the bar on seeking to enforce the Arbitration Clause or Class Action Waiver Clause in any of the Settling Defendants' existing or pre-existing United States Cardholder Agreements, and the payment toward notice costs, attorneys' fees, costs and expenses, and other consideration; and the releases provided by the Settlement Class members pursuant to Sections 12 of the respective Settlement Agreements; and the Court's finding that this settlement was the product of arm's length negotiations, as well as of the arguments and submissions made concerning the Settlement Agreements, the Court hereby finally approves the Settlement Agreements, and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. This Court hereby dismisses, on the merits and with prejudice, without costs to any party (except as provided for in the Settlement Agreements), the First Amended Class Action Complaint in favor of the Settling Defendants and against all Settlement Class members.

9. On final approval of the Settlement Agreements (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), each of the Settlement Class members unconditionally, fully and finally releases and forever discharges the Settling Defendants from the Released Claims. Each of the Representative Plaintiffs covenants and agrees that it shall not take any step

- 5 -

whatsoever to commence, institute, continue, pursue, maintain, prosecute or enforce any Released Claim(s), on behalf of itself or any other person, against any of the Settling Defendants.

10. The Settlement Agreements (including, without limitation, their exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by any of the Settling Defendants, or of the truth of any of Plaintiffs' allegations in the Litigation, and evidence relating to the Settlement Agreements shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except by the Parties for purposes of implementing or enforcing the terms and conditions of the Settlement Agreements, the Preliminary Approval Order and/or this Order.

11. If, for any reason, any of the Settlement Agreements terminates before final approval of the Settlement Agreements (including, without limitation, the exhaustion of any judicial review, or requests for judicial review from this Final Judgment and Order of Dismissal), then the parties to such terminated Settlement Agreement(s) shall return to the *status quo ante* in the Litigation, without prejudice to the right of any Plaintiffs, the Settlement Class members or the Settling Defendants to assert any right or position that he, she or it could have asserted if the Settlement Agreement(s) had never been reached or proposed to the Court.

12. Except as otherwise specifically provided by the Settlement Agreements and ordered by the Court, the parties shall each be responsible for his, her, or its own costs, attorneys' fees, and expenses.

13. Without in any way affecting this Final Judgment and Order of Dismissal, the Court hereby reserves exclusive personal and subject matter jurisdiction over the

implementation and enforcement of the Settlement Agreements and this Final Judgment and Order of Dismissal, including, but not limited to, any disputes relating to or arising out of the Released Claims.

14. All pending motions in the Litigation filed by the Settling Defendants, on the Settling Defendants' behalf or in which the Settling Defendants have joined are deemed moot as to the Settling Defendants.

15. Finding that there is no just reason for delay, this Order shall constitute a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this order on the docket forthwith.

SO ORDERED this 22 day of July, 2010

_____
The Honorable William H. Pauley, III
United States District Judge

# EXHIBIT A

Notice of Proposed Settlement and Application for Attorneys' Fees

This notice is authorized by the U.S. District Court for the Southern District of New York. The court will hold a hearing, in which you may participate, before this settlement is finally approved.

**To: Holders of consumer or small business credit cards from Bank of America, Capital One, Chase, Citibank, Discover and HSBC.**

If you (individuals, small businesses and agencies) hold a consumer or small business credit card issued by Bank of America, Capital One, Chase, Citibank, Discover or HSBC, your rights may be affected by the partial settlement of this class action lawsuit.

**What is this lawsuit about?**

This lawsuit (called *Ross, et al. v. Bank of America, N.A., (USA)*, No. 05-cv-7116 (S.D.N.Y.)) claims that the settling defendants Bank of America, Capital One, Chase and HSBC and the non-settling defendants Discover, Citibank and National Arbitration Forum violated federal law by conspiring, with each other and certain non-defendants, to require that their cardholders (a) take all legal disputes to arbitration rather than court and (b) give up any right to participate in class actions against these credit card companies. This case is on behalf of cardholders who are subject to arbitration clauses. Cardholders who are not subject to arbitration clauses, including any Discover cardholders who have opted out of arbitration, are not included in the case.

Arbitration is a type of dispute resolution, where the parties agree that private arbitrators, rather than judges in court, will decide their disputes. Class actions are a type of court proceeding where representative individuals, who must be approved by the court, bring a lawsuit on behalf of a class of similarly situated people or businesses.

This lawsuit alleges that defendants colluded with each other to adopt and invoke arbitration clauses to prevent consumers from enforcing their rights under state and federal law, both individually and in class actions. This lawsuit seeks to change the defendants' conduct with respect to arbitration clauses and class action bans. This lawsuit never sought money damages for cardholders. This lawsuit also seeks plaintiffs' attorneys' fees and reimbursement of their litigation expenses.

All settling defendants and all non-settling defendants deny that they conspired with each other or that they violated any law, and assert that they have done nothing wrong or improper.

**What is the proposed settlement?**

The settlement must be approved by the court. It requires that the settling defendants cease enforcing arbitration clauses and class action bans against their consumer and small business credit card cardholders and that they remove arbitration clauses and class action bans from the terms they require of their cardholders for a period of 3-1/2 years. The settlement requires the

settling defendants, subject to court review, to pay $2.35 million to defray attorneys' fees and litigation expenses, including the cost of this notice.

If approved, the settlement will bind you. It releases the settling defendants from all liability stemming from the adoption or inclusion of the arbitration clauses and class action bans in the terms they require of their consumer and small business credit card cardholders. The settling defendants are *NOT* being released from any claim for money damages that may allegedly arise from the *invocation or enforcement* of their arbitration clauses and class action bans.

**What will not be settled?**

The case will remain pending against Citibank, Discover and the National Arbitration Forum.

**Do I have to go to court?**

No, but you may. You may also hire an attorney, at your own cost. The court hearing to decide whether to approve the settlement is on July 15, 2010 at 11:00 AM at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1581. If you plan to go, check with the website at www.arbitration.ccfsettlement.com or with class counsel to confirm the time and date.

**Is there any payment to cardholders?**

No, there is no payment to cardholders in this settlement. This lawsuit seeks only to change the defendants' alleged conduct on arbitration clauses and class action bans. No money damages were or are sought in this case.

**Can I exclude myself from this settlement?**

No, you cannot exclude yourself from the settlement because the relief involves the settling defendants changing their conduct towards you and all other class members.

**What are my options?**

If you agree with the settlement, you do not need to do anything. If you disagree with the settlement or the payment of attorneys' fees, you may object to either. You must file your written objection and proof of class membership with the court. You do not have to go to court or hire an attorney, but you can at your own expense. **The deadline for objecting is June 11, 2010.** The plaintiffs' papers supporting the settlement will be filed on May 28, 2010 and will be available at www.arbitration.ccfsettlement.com within 24 hours thereafter.

**What are the Attorneys' Fees for Plaintiffs' Counsel?**

Bank of America, Capital One, Chase and HSBC have agreed to pay a total of $2.35 million in attorneys' fees and litigation expenses, including the cost of publishing and distributing this notice. Specifically, Bank of America will pay $600,000; Capital One, $650,000; Chase,

$700,000; and HSBC, $400,000. Neither you nor any class member is responsible for paying these fees and expenses, which will be paid by defendants. Plaintiffs' counsel will ask the court to approve reimbursement to them of litigation expenses and payment of the remainder as attorneys' fees. The relief to you and the class is not being reduced as a result of these payments. Plaintiffs' attorneys' fees at their regular hourly rates substantially exceed any reimbursement that may occur as a result of these settlements.

**For more information...**

This notice is only a summary. For answers to questions or more information, including complete copies of the settlement agreements and filings in support of the settlement, please visit www.arbitration.ccfsettlement.com. You may also call 1-800-654-4393. **Questions should not go to the Court, to the plaintiffs or to the settling or non-settling defendants.**

# EXHIBIT B

**NOTICE PLAN**

The Parties,[1] after substantial discovery and investigation of the facts and careful consideration of the applicable law, and after arm's length negotiations, have agreed to this Notice Plan in connection with these Settlement Agreements.

1. **Notice.**

(a) The Notice of these Settlement Agreements shall be published for the first time within thirty (30) days after entry of an order granting preliminary approval of the Settlement Agreements, unless otherwise ordered by the Court.

(b) The Notice will be in the form attached as Exhibit 4 to the Settlement Agreements and it will be disseminated in the following general publications:

(i) *USA Today*, 1/6 page, 2 times (2,254,787 circulation per run; estimated cost is $42,385).

(ii) *Wall Street Journal*, 1/6 page, 2 times (2,070,498 circulation per run; estimated cost is $56,610).

(iii) Provided there is sufficient time available to meet the required publication deadlines at the time that preliminary approval is granted, the *ABA Journal*, 1/2 page, 1 time (384,799 circulation; estimated cost is $13,030).

(c) The Notice shall also be disseminated via three releases on PR Newswire (estimated cost is $1,825 per release).[2]

(d) The total estimated cost for disseminating the Notice in the *USA Today*, *Wall Street Journal*, and *ABA Journal*, plus three PR Newswire releases is $117,500.

---

[1] The capitalized words and terms used in this Notice Plan shall have the meaning ascribed to them in the Settlement Agreements.

[2] The second through third releases in PR Newswire are subject to PR Newswire's approval.

2

2.  **Internet / Website Notice.**

(a)  The Notice shall also be maintained at www.ccfsettlement.com (or "Settlement Website"), which is the website used to assist with the administration of the settlement of the related MDL 1409 matter, *In re Currency Conversion Fee Antitrust Litig. ("Currency Conversion")*, MDL No. 1409, Master File No. M21-95 (S.D.N.Y.) (WHP). Use of this pre-existing website will both reduce expenses and broaden the dissemination of the Notice to members of the Settlement Class as many of these individuals will also be accessing the Settlement Website as claimants to the *Currency Conversion* settlement.

(b)  A subdomain, with a descriptive title (*e.g.*, "arbitrationsettlement.ccfsettlement.com"), will be created as part of the Settlement Website which will be accessible from the site's "welcome" page.[3] The subdomain will, *inter alia*: (i) permit Persons to read and/or download the Notice, the Settlement Agreements, the complaints, certain Court orders and decisions, and other pertinent documents or information agreed to in advance by the Parties; (ii) facilitate the answering of frequently asked questions ("FAQs") and/or to provide any updates agreed upon by the Parties; and (iii) provide contact information for class member inquiries and correspondence, which will include a post office box[4] for written correspondence and the

---

[3] The Settlement Website is managed by Heffler, Radetich & Saitta, L.L.P. ("HR&S"), which the Court appointed as the Claims Administrator for the *Currency Conversion* settlement, pursuant to an Order dated November 8, 2006. Because HR&S possesses expertise concerning the *Currency Conversion* settlement and it manages the Settlement Website (as well as the toll-free phone system), Plaintiffs' Co-Lead Counsel respectfully recommend that HR&S be appointed the Administrator for this Notice program.

[4] The cost to maintain a post office box is currently $580 every six months.

3

toll-free 800 telephone service described in Section 3 below. The subdomain on the website shall be available in Spanish and offer Spanish-language versions of the Notice and answers to FAQs.

(c)     The total estimated cost for establishing the Settlement Website subdomain is $3,000 to $5,000, and the cost to maintain the subdomain will be approximately $500 to $750 per month.

3.     **Telephone Support.**

A toll-free 800 telephone system will be maintained to allow members of the Settlement Class to access a toll-free number to permit callers to speak with a person who is knowledgeable about the litigation and the settlement, and who can respond to any inquiries.

4.     **Dissemination of the Notice to Consumer Advocacy Organizations.**

The Notice, as well as a copy of the Settlement Agreements, the First Amended Class Action Complaint and the decision of the Court of Appeals for the Second Circuit in this matter, will be mailed directly, via first class mail, to the following eight leading consumer advocacy groups who have an established track record of engagement with consumers' rights issues: (i) Consumer Action; (ii) Consumer Federation of America; (iii) National Association of Consumer Advocates; (iv) National Consumer Law Center; (v) National Consumers League; (vi) Public Citizen; (vii) Public Justice (formerly Trial Lawyers for Public Justice); and (viii) U.S. Public Interest Research Groups ("U.S. PIRG.").

4