# MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/11
```

**STANLEY·IOLA** LLP
ATTORNEYS & COUNSELORS

June 17, 2011

<u>**VIA FACSIMILE**</u>

The Hon. William H. Pauley
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312


RECEIVED
JUN 17 2011
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

Re:   *Ross, et al. v. Bank of America, N.A. (USA), et al.*,
        No. 1:05-cv-07116 (WHP)

Dear Judge Pauley:

We represent Walter and Cheryl Barrer (the "Barrers"), members of the Settlement Class as defined in the February 23, 2010 Settlement Agreement ("Settlement Agreement") and Final Judgment and Order of Dismissal ("Final Judgment") in the above-referenced case.[1] The Barrers are also the named plaintiffs in another putative class action against Chase Bank USA, N.A. ("Chase") that is currently pending before the Honorable Ancer L. Haggerty, in the United States District Court for the District of Oregon - *Barrer v. Chase Bank USA, N.A.*, Case No. 06-CV-415 -HA ("*Barrer*"). We write in order to enforce the express terms of the Settlement Agreement and Final Judgment, which Chase is attempting to violate.[2]

By entering into the Settlement Agreement, Chase agreed that it would "not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements . . . ." Settlement Agreement at ¶ 3(c). This Court, likewise, approved the Settlement Agreement and entered Final Judgment based, in part, on Chase's agreed upon "bar on seeking to enforce the Arbitration Clause or Class Action Waiver Clause in any of [its] existing or pre-existing United States Cardholder Agreements . . . ." Final Judgment at ¶ 7. There is no dispute that the Barrers are members of the Settlement Class who had a "pre-existing United States Cardholder Agreement" as defined in the Settlement Agreement and Final Judgment.

Chase's counsel in the *Barrer* action has recently communicated that Chase intends to violate the Settlement Agreement and Final Judgment by seeking to enforce an Arbitration Clause and Class Action Waiver Clause against the Barrers. The Barrers seek relief in this Court because it retained "exclusive personal and subject matter jurisdiction over the implementation and enforcement of the Settlement Agreement[] and []Final Judgment . . . ." Final Judgment ¶ 13.[3]

---

[1] Unless defined otherwise, all capitalized terms herein have the same meaning and definition as in the Settlement Agreement and Final Judgment.

[2] This letter is submitted via facsimile by express permission of the Court's clerk and consistent with this Court's Individual Practices 3(A)(ii).

[3] The issue of arbitration recently arose because the district court in *Barrer* requested, *sua sponte*, briefing as to whether the action should be compelled to arbitration. *Barrer v. Chase Bank, USA, N.A.*, No. 06-415-HA, 2011 WL 1979718 at *5 (D. Or., May 18, 2011). The parties conferred, and Chase's counsel confirmed that it intends to seek to compel the *Barrer* action to arbitration. The Barrers will

525 B STREET, SUITE 760
SAN DIEGO, CALIFORNIA 92101
O 619 235 5306    F 815 377 8419

A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

The Hon. William H. Pauley
June 17, 2011
Page 2

Chase's purported justification for breaching its commitment not to seek to compel arbitration in *Barrer* is based solely on paragraph 3(c)(iii) of the Settlement Agreement, which merely provides that Chase may seek to "enforce or uphold" any "court ruling" that it "obtained" prior to the MOS Date based on an Arbitration Clause or Class Action Waiver Clause. Chase's reliance on this provision is completely disingenuous and in error.

*First*, Chase has never "obtained" a "court ruling" on its Arbitration Clause in *Barrer*. Instead, Chase can only point to a Magistrate's January 23, 2007 *alternative Findings and Recommendation* that Chase's Motion to Compel Arbitration be granted. That recommendation was conditional, as the Magistrate first recommended that Chase's Motion to Dismiss be granted and advised that the district court review its Findings and Recommendation concerning arbitration if, *and only if*, it did not first adopt the recommendation to dismiss. Since the district court *did* adopt the Magistrate's recommendation to dismiss, it *never reviewed*, let alone adopted, the alternative recommendation regarding arbitration. *Barrer v. Chase Bank USA, N.A.*, 556 F.3d 883, 886 (9th Cir. 2009).

It is black letter law that Findings and Recommendations issued by a Magistrate "are just that: recommendations. They have *no binding legal effect on the parties until the district court adopts them.*" *Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Mgnt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (emphasis added) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Fed. Prac. & Proc.* Civ. 2d § 3070.1 (2009) ("It is fundamental that [a magistrate judge's] recommendations *do not become an order of the court* until the district judge takes some action.")) (emphasis added)). See also *Scheafnocker v. Commissioner of IRS*, ___ F.3d ___, 2011 WL 1467198 at *3 (3rd Cir., April 19, 2011) ("When a magistrate judge has been directed by a district court to conduct hearings and issue a report and recommendation, such findings *do not carry the force of law* until accepted by the district court.") (emphasis added). See generally, Fed. R. Civ. P. 72(b) (describing a magistrate's "Findings and Recommendations" as a "*recommended* disposition") (emphasis added). Accordingly, when a party (i.e., the Barrers) objects to a Finding and Recommendation, it "*is not a court order that [either party] can enforce* . . . ." *Klamath*, 589 F.3d at 1032 (emphasis added).

Since Judge Haggerty never reviewed, let alone adopted, the Magistrate's alternative Findings and Recommendation concerning arbitration, it has no legal or binding effect and is not a "court ruling" that Chase can seek to "enforce" or "uphold" as expressly required by paragraph 3(c)(iii) of the Settlement Agreement. This universal and uncontroversial rule of law should, in and of itself, dispose of Chase's argument that the Magistrate's January 23, 2007 Findings and Recommendation is a "court ruling" as contemplated by Section 3(c)(iii) of the Settlement Agreement.

*Second*, Chase *has already admitted* that the Magistrate's alternative Findings and Recommendation concerning arbitration is not a court ruling. Specifically, Chase *argued* to the Ninth Circuit Court of Appeals that the Magistrate's recommendation concerning arbitration was *not* something that the appellate court should review *because "the District Court did not rule on it."* Crucially, the Barrers *agreed* with Chase's argument at oral argument, and the Ninth Circuit, likewise, confirmed that the Magistrate's recommendation concerning arbitration "was not ripe" for appellate review because it was not adopted by the district court. *Barrer*, 556 F.3d at 886, n.2. Having successfully argued this point before the Ninth Circuit, Chase should be judicially estopped from now attempting to assert a

---

provide Judge Haggerty with a copy of this letter and make the same arguments in a separate brief responsive to his Honor's request. The Barrers are communicating with both courts so as not to inadvertently waive any rights as Settlement Class Members in the *Ross* action.

The Hon. William H. Pauley
June 17, 2011
Page 3

wholly contradictory position as a means of avoiding its obligations under the Settlement Agreement. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (the doctrine of judicial estoppel is appropriately applied when a "party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.") (internal quotation marks omitted).

*Finally*, Chase should be judicially estopped from arguing that the *Barrer* action falls into the limited exception of paragraph 3(c)(iii) of the Settlement Agreement because its counsel in *Ross* explicitly assured *this* Court that Chase would *not* seek to apply that provision to cases, such as *Barrer*, that are pending in *court*. Specifically, Chase's counsel unequivocally told this Court that, as part of the settlement, "Chase is willing to forego assertion of its class action waiver or arbitration clauses against proposed class actions [such as *Barrer*] filed in *court*." March 11, 2010 Letter from Robert D. Wick [Doc. No. 213] at 2 (emphasis in original). As Mr. Wick clearly explained to this Court, paragraph 3(c)(iii) of the Settlement Agreement – the provision on which Chase now supposedly relies – was *only* intended to preserve Chase's right to attempt to resist "*class arbitration*" in matters that had already been compelled to *arbitration*. *Id.* at 2 (emphasis in original). Since the *Barrer* action remains in *court,* and has *never* been compelled to *arbitration,* it does not fall into the extremely limited category of cases for which Chase's counsel expressly told this Court that paragraph 3(c)(iii) of the Settlement Agreement could conceivably apply. By now taking the exact opposite position, Chase is violating the express terms of the Settlement Agreement and backtracking on its own assurances to this Court. Again, Chase should be judicially stopped from engaging in such disingenuous gamesmanship with the Court, the parties and the Settlement Class. *New Hampshire*, 532 U.S. at 750 (The doctrine of judicial estoppel is designed to prevent parties "from deliberately changing positions according to the exigencies of the moment.") (citation and quotations omitted).

For these reasons, the Barrers respectfully request that this Court order Chase to comply with the express terms of the Settlement Agreement and Final Judgment, which prohibits Chase from taking *any* action that might be construed as an effort to enforce an Arbitration Clause or Class Action Waiver Clause in the *Barrer* action. Alternatively, the Barrers request permission to file before this Court a formal motion (and supporting documentation) to enforce the Settlement Agreement and Final Judgment.

Sincerely,

*[signature]*

MATTHEW J. ZEVIN
STANLEY • IOLA, LLP

*[signature]* / by permission

MICHAEL D. BRAUN
THE BRAUN LAW GROUP

cc:   Honorable Ancer L. Haggerty
      Counsel for Chase in *Barrer*
      Counsel for all parties in *Ross*

*[handwritten:]* This Court declines to entertain Plaintiffs' application at this time. If appropriate, Plaintiffs may re-apply for relief following a ruling by the Oregon court.

SO ORDERED:

*[signature]*

WILLIAM H. PAULEY III U.S.D.J.

6/28/11