# SIDLEY

**SIDLEY AUSTIN LLP**

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES

NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

dgraham@sidley.com
(312) 853 7596

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/11

August 30, 2011

RECEIVED
AUG 30 2011
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

**VIA FACSIMILE & FIRST CLASS MAIL**

The Honorable William H. Pauley, III
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007-1312

Re: *Ross, et al. v. Bank of America, et al.*, No. 05-cv-7116 (WHP)

Dear Judge Pauley:

The Discover Defendants and Citigroup Defendants (the "Defendants") write this letter in response to plaintiffs' August 25, 2011 letter concerning Defendants' August 18, 2011 request for a pre-motion conference on their Joint Motion to Strike Portions of Plaintiffs' Rule 56.1 Response and their Joint Reply to Plaintiffs' 56.1(b) Response. In responding to this request, plaintiffs' August 25 letter contains a variety of misstatements, including those regarding the legal propriety of Defendants' requested filings.

*First*, contrary to plaintiffs' assertions, motions to strike deficient statements in a Rule 56.1 statement are entirely appropriate. Courts in this District routinely accept and grant such motions. *See, e.g., LaPine v. Seinfeld*, 2009 WL 2902584, at *1, *4 (S.D.N.Y. Sept. 10, 2009) (granting in part defendants' motion to strike plaintiffs' statement of additional material facts for failure to comply with Rule 56.1); *Goldstick v. The Hartford, Inc.*, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (granting in part defendants' motion to strike plaintiffs' Local Civil Rule 56.1 statement for failure to comply with Rule 56.1 because "it adds argumentative and often lengthy narrative in almost every case the object of which is to 'spin' the impact of the admissions plaintiff has been compelled to make."); *Ofudu v. Barr Labs., Inc.*, 98 F. Supp. 2d 510, 512-13 (S.D.N.Y. 2000) (striking entries in plaintiff's 56.1 response that lacked supporting citations, were supported by evidence that "does not contain the statements Plaintiff says they contain," or constituted "conclusory statements lacking any supporting evidence," and deeming the corresponding paragraphs in defendant's 56.1 statement admitted). In fact, "it is appropriate to consider" a motion to strike first because it may affect a party's ability to ultimately prevail on summary judgment. *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007).

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

*[Handwritten:]* Application Denied. This issue will be addressed at the November 8, 2011 oral argument.

SO ORDERED:

_[signature]_
WILLIAM H. PAULEY III U.S.D.J.
9/9/11

# SIDLEY
SIDLEY AUSTIN LLP

The Honorable William H. Pauley III
August 30, 2011
Page 2

    Plaintiffs' alternative argument—that the Motion to Strike is an improper attempt to contravene the reply brief page limits set by the Court—is factually and legally groundless. Consistent with the settled law in this District, Defendants prepared a separate Motion to Strike well before the Court's August 17 ruling on the length of the reply briefs. The separate filings reflect the different purposes served by the Motion to Strike and the reply briefs. The reply briefs respond to the arguments contained in plaintiffs' fifty-page opposition whereas the Motion to Strike focuses on the separate and numerous failures of plaintiffs' 56.1 Response to comport with Rule 56 and Local Rule 56.1 (*e.g.*, failure to provide particularized responses, use of inadmissible evidence, improper legal argument). It would be inappropriate and prejudicial to Defendants to allow the numerous deficiencies in plaintiffs' Rule 56.1 Response to stand without being subject to separate challenge identifying them, and that is the entirely legitimate purpose of the Motion to Strike.[1]

    *Second*, as to Defendants' Reply 56.1 Statement, Defendants acknowledge that it is not expressly authorized by the rules. But plaintiffs are wrong to suggest that such a reply is inappropriate. Courts in this District have frequently permitted and relied on such reply statements. *See, e.g., Calgon Carbon Corp. v. WDF, Inc.*, 700 F. Supp. 2d 408, 411 (S.D.N.Y. 2010); *Kaplan v. Beth Israel Medical Center*, 2010 WL 1253967, at *1 n.2 (S.D.N.Y. Mar. 31, 2010); *see also Reino de Espana v. American Bureau of Shipping*, 729 F. Supp. 2d 635, 637 n.2 (S.D.N.Y. 2010) (noting that "[a]ny citation to a party's 56.1 Statement takes into account any response submitted by the party's adversary and *any reply thereto*.") (emphasis added).

    Defendants' Reply 56.1 Statement is particularly appropriate here. Plaintiffs' new assertions in their 56.1 Response go far beyond the Defendants' original statements and include hundreds of subparagraphs purportedly added to "complete" (but not dispute) specific statements made by Defendants, and another eighty-five (85) paragraphs containing purported "Additional Statements of Fact" (¶¶ 249-334). Defendants have had no opportunity at all to respond or provide responsive evidentiary citations to any of plaintiffs' new assertions. Accordingly, in the absence of a Rule 56.1 reply, the record before the Court on these newly asserted matters is at best one-sided and incomplete. The Rule 56.1 reply also assists the Court in evaluating the relevant record by providing all of the statements in a single document. By

---

[1] Although plaintiffs claim that Defendants should have identified procedural deficiencies in plaintiffs' 56.1 Response in their ten-page reply briefs, this is nonsensical and little more than a transparent attempt to avoid having these deficiencies identified at all for the Court in any meaningful sense. Plaintiffs' filed not only a fifty-page brief opposing summary judgment, but also a facially deficient ***one hundred and eighteen page*** 56.1 Response. As the law of this Court – as well as common sense – recognizes, a motion to strike is the proper vehicle to address the improper aspects of plaintiffs' 56.1 Response.



The Honorable William H. Pauley III
August 30, 2011
Page 3

contrast, plaintiffs' 56.1 Response did not reproduce the 56.1 statements to which it was responding, thereby requiring the Court to flip back and forth between documents for 334 paragraphs. The length of the Defendants' Reply 56.1 Statement is primarily a function of placing all the material in a single location.

*Third*, having unsuccessfully challenged the procedural propriety of the requested filings, plaintiffs conclude their August 25 letter by attacking the merits of the Motion to Strike, using a few cherry-picked examples. While this is not the proper place to debate the merits of the Motion to Strike, one of plaintiffs' arguments underscores precisely why the motion is necessary. Plaintiffs contend that any defects in their Rule 56.1 Response arise from the fact that Defendants' Rule 56.1(a) Statement was "needlessly particularized." Yet "a short and concise statement, in numbered paragraphs...," supported by admissible evidence, is precisely what Local Rule 56.1 requires of both the moving and non-moving parties. L.R. 56.1(a)-(c). And that is exactly what plaintiffs' 56.1 Response repeatedly seeks to avoid.

The point is illustrated by the very first "example" contained in plaintiffs' letter, regarding ¶ 103 of their 56.1 Response. In ¶ 103, Defendants state that an August 2000 email from a senior Citi Cards lawyer contained a timetable for implementing arbitration "in the event that management approved a recommendation to proceed with adoption of an arbitration clause." Plaintiffs dispute this so-called "needlessly particularized" statement solely by providing a blanket reference to nearly 100 other paragraphs of their 56.1 Response. Plaintiffs justify their response by claiming that these paragraphs all concern "Citi's arbitration decision." But ¶ 103 of the Defendants' 56.1(a) Statement did not address that broad and undifferentiated topic; it dealt with a specific email and its specific contents. This pattern, whereby plaintiffs consistently refuse to address particular facts with straightforward admissions or denials, repeats itself throughout plaintiffs' 56.1 Response and is just one of multiple improprieties. (*See also* Motion to Strike at 2-3).

Accordingly, for the reasons stated above as well as those detailed in Defendants' August 18, 2011 letter, Defendants respectfully request a pre-motion conference so that they may be allowed to file their Joint Motion to Strike Portions of Plaintiffs' Rule 56.1 Response and their Joint Reply to Plaintiffs' 56.1(b) Response.

Respectfully Submitted,

David F. Graham

cc: Counsel of Record (via e-mail)